## CIRCUIT COURT OF THE CITY OF RICHMOND

Wilbert H. Patron

v.

Brenda Mae Patron

October 9, 1996

Case No. HH-207-A

BY JUDGE MELVIN R. HUGHES, JR.

This case was before the court in July of this year on appeal from the City of Richmond Juvenile and Domestic Relations Court.

The case involves a petition filed by Brenda Patron for child support against Wilbert Patron. The Patrons are husband and wife. They have a daughter Tiffany age sixteen. The Patrons are currently involved in a divorce proceeding pending in this court.

The issue is whether child support is due when the parties, husband, wife and daughter continue to live together in the marital home. In other words neither Mr. Patron or for that matter, Mrs. Patron, have "custody" of Tiffany in the physical sense by living apart from the other.

The testimony revealed that Mr. and Mrs. Patron have been living essentially separate lives in their home for some time. There is some difference between them regarding the extent to which the other is actually contributing to maintain the home and contributing to living expenses. Mrs. Patron testified that Mr. Patron has not been forthcoming in supplying monetary and other things Tiffany needs while Mr. Patron disputes this stating that while he is effectively living separately from his wife, coming and going separately, sleeping in a separate bedroom, etc., he is there in the house and has and continues to be willing to supply support for his child within the limitations of his budget. Both parents are employed in meaningful jobs which, based on their incomes, afford them the ability to live comfortably.

Save for statutes authorizing the initiation of criminal proceedings for nonsupport, the court has not found nor has it been cited to any authority

for requiring a parent who has custody to provide support to a parent who also has custody. See *Butler v. Commonwealth*, 132 Va. 609 (1922). "Custody" in this sense means that both parents have physical and joint custody of the infant child, albeit without a court order to that effect. The duty to support children is based largely upon the right to their custody and control. *Id.* at 614. The evidence here does not support a right to the exclusion of the other; indeed both are custodians and there is no showing that the child's needs are not being met while living with her parents, all in the same household. Accordingly, the court will deny the request for child support. The parties may have this issue presented in the divorce proceeding now pending according to the circumstances.